IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EGLO GARZA AND ANGELICA GARZA, § § § | |
| Plaintiffs, § § | Case No. 5:24-cv-353 |
| v. § § | |
| EMSHVAC, LLC D/B/A EMS HOME SERVICES, § § § | |
| Defendant | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Eglo Garza and Angelica Garza ("Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant EMSHVAC, LLC d/b/a EMS Home Services ("EMS") has violated the FLSA by purposefully classifying Plaintiffs as independent contractors and failing to pay Plaintiffs in accordance with the guarantees and protections of the FLSA.

3. Defendant has failed and refused to pay Plaintiffs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours per workweek, although Defendant had full knowledge that Plaintiffs were really employees and that Plaintiffs consistently worked over forty hours per workweek.

## II. PARTIES

4. Paul Garza and Angelica Garza are Texas residents residing in Bexar County.

5. Defendant EMS is a domestic limited liability company with its principal place of business in Travis County. It operates in and around the Austin and San Antonio areas.

6. EMS's registered agent for service of process is CT Corporation System, which may be served at 1999 Bryan Street, Dallas, Texas, 75201.

7. At all times relevant to this claim, EMS was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Bexar County, Texas, which is in this District and Division, and where Defendant's primary office is located.

10. Plaintiffs were both employees of Defendant and performed work for Defendant in and around the central Texas area. Defendant has an office in and operates out of San Antonio, Texas, among other cities. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer concerning Plaintiffs.

12. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiffs were both considered to be individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant

at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

16. As employees of Defendant, Plaintiffs handled items such as cell phones, computers, HVAC repair tools and cleaning materials as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

17. Defendant provides repair, maintenance, and extended warranty services for heating, ventilation, and air conditioning ("HVAC") systems.

### Plaintiff Eglo Garza

18. Defendant employed Mr. Garza as a field technician repairing, maintaining, and replacing HVAC systems.

19. Defendant treated Mr. Garza as an independent contractor.

20. Defendant treated Mr. Garza as an independent contractor even though Defendant provided Mr. Garza with a company truck.

21. Defendant treated Mr. Garza as an independent contractor despite controlling his schedule.

22. Defendant treated Mr. Garza as an independent contractor even though Defendant determined when and where Mr. Garza performed work for Defendant.

23. Defendant treated Mr. Garza as an independent contractor even though he was given company-issued shirts with Defendant's name emblazoned on them and told to wear these shirts on service calls.

24. Defendant treated Mr. Garza as an independent contractor even though Defendant employed Mr. Garza continuously from September 2022 through February 2024.

25. Defendant paid Mr. Garza $28 an hour for all hours worked, whether above or below forty hours per workweek.

26. Mr. Garza consistently worked more than forty hours per workweek.

27. Mr. Garza would text his supervisor his hours each week.

28. Defendant never paid Mr. Garza overtime premiums for any hours worked over forty per workweek.

### Plaintiff Angelica Garza

29. Defendant employed Plaintiff Ms. Garza as a payroll clerk, from approximately May 2023 through March 2024.

30. Defendant paid Ms. Garza on an hourly basis.

31. Defendant treated Ms. Garza as an independent contractor.

32. Defendant treated Ms. Garza as an independent contractor despite controlling her schedule.

33. Defendant treated Ms. Garza as an independent contractor even though Defendant determined when and where Ms. Garza performed work for Defendant.

34. Defendant treated Ms. Garza as an independent contractor even though Defendant employed Ms. Garza continuously from May 2023 through March 2024.

35. Ms. Garza consistently worked more than forty hours per workweek.

36. Defendant typically paid Ms. Garza straight time for all hours worked, whether above or below 40 hours per workweek, although Defendant would occasionally pay Ms. Garza overtime premiums, indicating that Defendant was aware of its overtime obligations.

37. Plaintiffs were not independent contractors.

38. As such, Defendant was required to pay Plaintiffs overtime premiums for all hours worked over forty hours per week.

39. Both Plaintiffs routinely worked long hours and consistently worked more than forty hours per week.

40. At no time did Defendant pay Plaintiff Eglo Garza overtime compensation for any hours worked over forty per week.

41. On occasion, Defendant would pay Angelica Garza for hours worked over forty per week.

42. Defendant was fully aware of its obligations to pay overtime compensation to non-exempt employees such as Plaintiffs.

43. Defendant purposefully ignored its obligations to pay overtime compensation to non-exempt employees such as Plaintiffs.

44. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs for their overtime hours.

## VI. CAUSE OF ACTION:

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. Plaintiffs incorporates all allegations in the foregoing paragraphs as though fully set forth herein.

46. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiffs, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Plaintiffs, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Plaintiffs, were employed. Defendant has acted willfully in failing to pay its non-exempt employees, including Plaintiffs, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiffs Paul Garza and Angelica Garza pray for judgment against Defendant EMSHVAC, LLC as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b. For an Order awarding Plaintiffs reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

c. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

d. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

e. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**