IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EGLO GARZA AND ANGELICA GARZA,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No. 5:24-cv-00353 |
| **EMSHVAC, LLC D/B/A EMS HOME SERVICES,** | § § § § | |
| **Defendant.** | § § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant, EMSHVAC, LLC d/b/a EMS Home Services ("Defendant"), by undersigned counsel, hereby files its answer (this "Answer") to the Original Complaint (the "Complaint") [Dkt. No. 1] filed by Plaintiffs, Eglo Garza and Angelica Garza ("Plaintiffs"), and respectfully states as follows:

### I.  NATURE OF SUIT

1. Defendant admits that the FLSA requires covered employers to compensate non-exempt employees at a rate not less than one and one-half times the regular rate at which he is employed for any hours worked over 40 in a work week. Defendant denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2.   Defendant admits that it classified Plaintiffs as independent contractors. Defendant denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

3.   Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## II. PARTIES

4.   Defendant lacks sufficient knowledge or information about the allegations contained in this paragraph, and as such, denies the allegations contained in Paragraph 4 of the Complaint.

5.   Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.   Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.   Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## III.   JURISDICTION AND VENUE

8.   Defendant admits this Court has subject matter jurisdiction in this matter. Defendant admits Plaintiffs have asserted claims under federal law, specifically the FLSA. Defendant admits this Court has personal jurisdiction over the parties to this action. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits venue is proper in this judicial district. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant denies that Plaintiffs were its employees. Defendant admits the remaining allegations contained in Paragraph 10 of the Complaint.

## IV.   COVERAGE UNDER THE FLSA

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits Plaintiffs handled items such as cell phones, computers, HVAC repair tools and cleaning materials as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). Defendant denies that Plaintiffs were employees of Defendant.

## V.   FACTUAL ALLEGATIONS

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

## Plaintiff Eglo Garza

18. Defendant admits that Plaintiff Eglo Garza performed repairs, maintenance, and replacements of HVAC systems, but denies that he was an employee or field technician of Defendant.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that Eglo Garza was an independent contractor for Defendant. Defendant denies the remainder of Paraph 21 of the Complaint.

22. Defendant admits that Eglo Garza was an independent contractor for Defendant. Defendant denies the remainder of Paraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

### Plaintiff Angelica Garza

29. Defendant denies that Plaintiff Angelica Garza was employed by it and denies that she was a payroll clerk. Defendant admits that Plaintiff Angelica Garza performed work from approximately May 2023 through March 2024.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that Angelica Garza was an independent contractor for Defendant. Defendant denies the remainder of Paraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## VI. CAUSE OF ACTION:

### FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. With respect to Paragraph 45 of the Complaint, Defendant incorporates its responses to the incorporated paragraphs above as if fully set forth within this paragraph.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## VII.  RESPONSE TO PLAINTIFFS' PRAYER

47. With respect to the allegations in the Prayer of the Complaint, Defendant admits Plaintiffs seek the relief indicated from the Court but denies liability and denies Plaintiffs are entitled to the relief sought.

## VIII.  AFFIRMATIVE DEFENSES

48. The following affirmative and additional defenses and/or avoidances are alleged on information and belief and, except as expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein. Defendant reserves the right to amend or withdraw any and all defenses or to raise any and all additional defenses as or after they become known during or after the course of investigation, discovery, or trial.

49. No assertion of any affirmative or additional defense, or any matter claimed in avoidance shall constitute either an admission that Plaintiffs do not bear the burden of proof or the burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiffs bear the burden of proof or the burden of producing evidence as a matter of law, or a waiver of any of Defendant's right to require that Plaintiffs satisfy any burden of proof or burden of producing evidence.

50. Plaintiffs' claims are barred, in part or whole, by the statute of limitations.

51. Defendant at all times implemented in good faith its personnel policies and practices with regard to Plaintiffs. At no time did Defendant take any personnel

action against Plaintiffs with the intent to violate the FLSA. Accordingly, Plaintiffs may not recover liquidated damages for a willful violation of the FLSA and nor does a three (3) year statute of limitations apply.

52. Defendant complied with all the requirements of the FLSA in good faith. Alternatively, any act or omission giving rise to a claim for compensation under the FLSA was done in good faith and Defendant had reasonable grounds for believing such act or omission was not in violation of the FLSA. Accordingly, Plaintiffs may not recover liquidated damages for a willful violation of the FLSA.

53. Any of Defendant's wage and employment decisions were based upon legitimate reasons. Defendant acted in good faith, in reliance on applicable statutes, regulations, opinions and case law, and without willfulness.

54. Plaintiffs have been paid all money due and owed to them.

55. Defendant pleads that it was not an employer of the Plaintiffs as that term is defined by the FLSA.

56. Defendant pleads that Plaintiffs were independent contractors and not employees as defined by the FLSA. Thus, Plaintiffs are not covered by the FLSA.

## CONCLUSION AND PRAYER

Defendant, EMSHVAC, LLC d/b/a EMS Home Services pray that, upon final hearing of this cause, the Court will enter judgment that Plaintiffs Eglo Garza and Angelica Garza take nothing of and from Defendant EMSHVAC, LLC d/b/a EMS Home Services, assess court costs against Plaintiffs, Eglo Garza and Angelica GarzA, and grant Defendant EMSHVAC, LLC d/b/a EMS Home Services its reasonable and

necessary attorneys' fees, as well as all other and further relief, both general and special, legal or equitable, to which it may be justly entitled.

                                            Respectfully submitted,

                                            */s/ Anthony G. Stergio*
                                            ANTHONY G. STERGIO
                                            Federal Bar No. 429040
                                            State Bar No. 19169450
                                            astergio@andrewsmyers.com
                                            **ANDREWS MYERS, P.C.**
                                            1885 Saint James Place, 15th Floor
                                            Houston, Texas 77056-4110
                                            Telephone:  (713) 850-4200
                                            Facsimile:   (713) 850-4211

                                            **ATTORNEY-IN-CHARGE FOR DEFENDANT EMSHVAC, LLC d/b/a EMS HOME SERVICES**

**OF COUNSEL:**

NALLELY I. RODRIGUEZ
Federal Bar No. 3544811
Texas Bar No. 24111421
nrodriguez@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile
**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I certify that I served a copy of the foregoing instrument on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 3rd day of June, 2024.

                                              */s/ Anthony G. Stergio*
                                              ANTHONY G. STERGIO