IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EGLO GARZA AND ANGELICA GARZA, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 5:24-cv-00353 |
| EMSHVAC, LLC D/B/A EMS HOME SERVICES, | § § § § | |
| Defendant. | § § | |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **Plaintiffs:**

   **Defendant misclassified Plaintiffs as independent contractors, and as a result, Plaintiffs did not receive overtime premiums when they worked over forty hours per week. Plaintiffs filed this action to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). In order for Plaintiffs to prevail on their FLSA claim against Defendant, they must show that 1) Defendant employed Plaintiffs; 2) Defendant is an enterprise engaged in commerce or in the production of goods for commerce; and 3) Defendant failed to pay Plaintiffs overtime pay. U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 11.24(A)(1) (2020).**

   **Defendant:**

   Defendant denies Plaintiffs' allegations in this case and incorporates its asserted defenses, which are more fully set out in its Original Answer. Presently, Defendant does not plan to assert any counterclaims, but reserves the right to do so if facts later ascertained justify the assertion of claims against Plaintiffs.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

    a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

**There are no jurisdictional issues.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**There are no unserved parties.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**None at this time.**

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

**None at this time.**

6. Are there any issues about preservation of discoverable information?

**None.**

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

**The parties agree to produce electronically stored information in hard copy format, if possible, and will not provide electronic documentation in native format unless absolutely necessary. If hard copy production is voluminous, the parties agree to discuss and agree on the preferred method of production.**

8. What are the subjects on which discovery may be needed?

**Discovery may be conducted on the following subjects:**

- **Identification of persons who may have knowledge of matters relating**

   **to this lawsuit;**

   - **Employment relationship between Plaintiffs and Defendant;**

   - **Description of work and/or services performed by Plaintiffs for Defendant and/or Defendant's customers;**

   - **Identification of hours worked by Plaintiffs; and**

   - **Identification of renumeration provided to Plaintiffs by Defendant.**

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

   **The Parties agree to serve their Rule 26(a)(1) Disclosures on or before August 2, 2024. No changes are necessary for the form or requirement for Initial Disclosures in this case.**

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

    **At this time, there has been no discovery conducted by any of the parties. The parties intend to conduct written discovery, including requests for documents, interrogatories, and requests for admissions, and other discovery. Discovery should be completed by January 15, 2025. The parties do not wish to conduct discovery in phases or limit discovery beyond that required by the Federal Rules of Civil Procedure.**

11. What, if any, discovery disputes exist?

    **None at this time.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    **The Parties do not anticipate the need to file a proposed order pursuant to Federal Rule of Evidence 502 at this time.**

13. Have the parties discussed early mediation?

    **The Parties have discussed early resolution. The Parties will continue to work together to explore the possibility of early resolution. Should a mediator be necessary, the Parties agree to coordinate in the selection of**

**a mediator.**

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

    **None at this time.**

Respectfully submitted,

*/s/Douglas B. Welmaker *with permission*   
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

**ATTORNEY FOR PLAINTIFFS**


 */s/Nallely I. Rodriguez*                        
ANTHONY G. STERGIO
Federal Bar No. 429040
State Bar No. 19169450
astergio@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4110
Telephone:  (713) 850-4200
Facsimile:   (713) 850-4211

**ATTORNEY-IN-CHARGE FOR
DEFENDANT EMSHVAC, LLC d/b/a EMS HOME SERVICES**

**OF COUNSEL:**
NALLELY I. RODRIGUEZ
Federal Bar No. 3544811
Texas Bar No. 24111421
nrodriguez@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2024, a true and correct copy of this document was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above captioned case.

                                            */s/Nallely I. Rodriguez*
                                            NALLELY I. RODRIGUEZ