IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EGLO GARZA AND ANGELICA GARZA,** | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No. 5:24-cv-353-OLG |
| **EMSHVAC, LLC D/B/A EMS HOME SERVICES,** | § § § § | |
| **Defendant** | § § | |

### PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**A.   SUMMARY**

Plaintiffs brought this lawsuit to recover for EMSHVAC, LLC's failure to pay overtime wages due to EMSHVAC, LLC's misclassification of Plaintiffs as independent contractors.

The deadline for amending pleadings occurred one week ago, on October 2, 2024, Dkt. 12. Plaintiff has been proactive in litigating this case, serving Interrogatories and Requests for Production to Defendant on August 12, 2024, which was 21 days after this Court entered its Scheduling Order. Plaintiffs also served Requests for Admission on Defendant on September 26, 2024.

On September 10, 2024, Defendant sought a two week extension in which to file its responses to Plaintiffs' Interrogatories and Requests for Production, which was granted. On September 25, 2024, Defendant sought an additional two week extension in which to file its responses to Plaintiffs' Interrogatories and Requests for Production, which was again granted. Defendant's responses to Plaintiffs' Requests for Admission are not due until October 28, 2024.

Defendant has not yet propounded any discovery on Plaintiffs, nor has Defendant taken or requested any depositions or otherwise filed any motions, dispositive or otherwise, in this matter.

The facts giving rise to this Motion for Leave to File Plaintiffs' First Amended Complaint were obtained through witness interviews and subsequent follow up interviews with Plaintiff Eglo Garza. As a result of these interviews, it has become evident that Jeff Mosley, Defendant's owner, is intimately involved in every aspect of EMSHVAC's business, including, but not limited to, decisions about hiring, firing, discipline, scheduling, compensation, commissions, raises and the classification of workers as employees or independent contractors. As such, Plaintiffs seek to add Jeff Mosely as an individual defendant in this matter, as he qualifies as an "employer" as that term is understood by the Fair Labor Standards Act.

It has also become clear that Jeff Mosely has engaged in a pattern of conduct whereby he falsely promised both employees and independent contractors commissions ranging from 5% to 10% on items his workers sold on Defendant's behalf. When the time came time to pay the promised commissions, Mr. Mosely also engaged in a pattern or course of conduct of refusing to pay these commissions. As such, Plaintiff seeks leave to add in a claim for breach of contract and, in the alternative, quantum meruit, unjust enrichment, and money had and received on behalf of Plaintiff Eglo Garza.

For these reasons, Plaintiffs request leave to amend their Complaint to add in Mr. Mosely as an individual Defendant under the FLSA, and to add claims related to Defendants' refusal to pay promised commissions to Plaintiff Eglo Garza. A true and correct copy of Plaintiffs' proposed First Amended Complaint is attached hereto as Exhibit A.

B.     **ARGUMENT & AUTHORITIES**

      1.     **Leave to amend should be given freely.**

A party may amend its pleading with the consent of the opposing parties or by leave of Court. FED. R. CIV. P. 15(a)(2). Leave to amend should be given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should not refuse to permit a complainant to amend unless the opposing party can show prejudice, bad faith, or undue delay. *Id.*; *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court strongly reaffirmed a prior iteration of Rule 15(a)(2)'s mandate that a district court "should freely give leave when justice so requires." Over the years, the Fifth Circuit has elaborated on *Foman*. Although the district court is given broad discretion to grant or deny a motion for leave to amend, "the district court's discretion does not permit denial of a motion to amend unless there is a substantial reason to do so." *See Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir.1994), citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir.1991). Among those "substantial reason[s]" is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman*, *supra* at 182; *see also In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir.1996). [1]  None of these issues exist in the present case.

---

[1] *See also Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 769 (5th Cir. 1999) (while denials of leave are reviewed for abuse of discretion, "discretion" in this context "may be

The Fifth Circuit has consistently permitted leave to amended pleadings in keeping with the above precepts.  In *Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995), the Court held that the district court did not abuse its discretion in allowing the plaintiff to amend his complaint, even though the defendant claimed the amendment was futile under the facts of the case.

In *Bamm v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981), the Fifth Circuit reversed the district court's denial of leave to amend a complaint where the proposed amendment asserted claims related to the original pleading.  Specifically, the Fifth Circuit ruled that the trial court should have allowed an amendment asserting new claims because there was no showing of bad faith or dilatory motive on the part of the plaintiff or prejudice to the defendant. *Id*. at 391. In addition, the Court ruled that the district court abused its discretion because discovery was on-going and, while a trial date had been set, it was continued. *Id*. at 391-92.

In *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 598 (5th Cir. 1981), the Court allowed a plaintiff to amend his pleading after a dismissal and one week before trial. The Court relied on the fact that there was no prejudice involved, and that there is a bias in favor of granting leave to amend. *Id.*

### 2. As Plaintiffs' Employer, Mosely is liable for Plaintiffs' wages.

Any person or entity who is economically responsible for employment can be held jointly and severally liable under the FLSA's "economic realities" test. *Thomas v. Pauls Valley*

---

misleading, because FED. R. CIV. P. 15(a) evinces a bias in favor of granting leave to amend [and] unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial") (internal citations omitted).

*Boomarang Diner, LLC*, 320 F.Supp.3d 1253, 1259 (W.D. Okla. 2018) (citing *Johnson v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 371 F.3d 723, 729 (10th Cir. 2004)).

In the Fifth Circuit, whether an individual is considered an employer under the FLSA is determined by the economic reality of the employment relationship. *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). In this analysis, courts consider factors including whether the individual: "(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records." *Id.* at 355. "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id.* at 357. Not every element must be present in order to find employer status. *Id.*

Because the question is controlled by the economic realities of the relationship, "[p]ertinent inquiries include whether the person has 'the right to hire and fire employees, supervis[ ] and control[ ] employee work schedules or conditions of employment, determine[ ] the rate and method of payment, and maintain[ ] employment records.'" *Bighead v. Eagle I Sec., LLC*, No. CIV-15-0710-HE, 2015 WL 13573980, at *2 (W.D. Okla. Nov. 4, 2015) (quoting *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)). A plaintiff who has pleaded these elements has sufficiently pleaded employment under the FLSA. *Id.*

As Plaintiffs' First Amended Complaint sets forth, Mosely is an employer of Plaintiffs and, accordingly, may be held liable under the FLSA for the failure to pay overtime wages.

   3.  **Allowing Plaintiff Eglo Garza's State Law Claims Will not Cause Prejudice**

Plaintiff Eglo Garza's additional claims stemming from Defendant's failure to pay promised commissions on products and services sold by Plaintiff Eglo Garza require de minimis

additional court resources. Additionally, as this case is at its inception and Defendant has not propounded discovery nor filed any motion, substantive or otherwise, Defendant will not be prejudiced by the additional state law claims. On the other hand, requiring Plaintiff Eglo Garza to commence a second action in state court or to refile this entire action to join in Mr. Mosely and bring the associated state law claims into that action would be a waste of both judicial economy and resources.

    **4.    EMSHVAC, LLC will not be prejudiced by amendment.**

Because of the early posture of this case, EMSHVAC, LLC will not be prejudiced by the two requested amendments. "The touchstone for denial of leave to amend under Rule 15(a) is prejudice." *Dueling v. Devon Energy Corp.*, 623 Fed.Appx. 127, 130 (5th Cir. 2015). Plaintiffs and EMSHVAC, LLC (and Mosely) have ample time for discovery.

**C.    CONCLUSION**

Because Plaintiffs in this case are seeking these amendments within one week of the deadline for amended pleadings passing and before Defendants have propounded any discovery to Plaintiffs, and because Plaintiffs have been proactive and have not been dilatory in litigating this case, none of the reasons for denying the amendments discussed above are present. The Court should, therefore, grant this Motion. Plaintiffs do not seek this amendment for purposes of delay, but so that justice may be done. For these reasons, the Court should permit Plaintiffs to file their First Amended Complaint.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
　　　Douglas B. Welmaker
　　　Texas State Bar No. 00788641
　　　doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

　　Prior to filing this motion, I conferred with Defendant's counsel, but Defendant was opposed to the relief requested.

　　　　　　　　　　*/s/ Douglas B. Welmaker*
　　　　　　　　　　Douglas B. Welmaker

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on October 9, 2024.

　　　　　　　　　　*/s/ Douglas B. Welmaker*
　　　　　　　　　　Douglas B. Welmaker