EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EGLO GARZA AND ANGELICA GARZA,** § § § | |
| **Plaintiffs,** § | |
| § | Case No. 5:24-cv-353-OLG |
| v. § | |
| § | |
| **EMSHVAC, LLC D/B/A EMS HOME SERVICES AND JEFF MOSELY, INDIVIDUALLY,** § § § | |
| **Defendants** | |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

Plaintiffs Eglo Garza and Angelica Garza ("Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. Additionally, Plaintiff Eglo Garza also brings common law causes of action for breach of contract, money had and received, and quantum meruit. In support thereof, Plaintiffs would respectfully show as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants EMSHVAC, LLC d/b/a EMS Home Services ("EMS") and Jeff Mosely ("Mosely") have violated the FLSA by purposefully classifying Plaintiffs as independent contractors and failing to pay Plaintiffs in accordance with the guarantees and protections of the FLSA.

3. Defendants have failed and refused to pay Plaintiffs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours per workweek, although Defendants had full knowledge that Plaintiffs were really employees and that Plaintiffs consistently worked over forty hours per workweek.

4. Additionally, Defendants have consistently shortchanged and cheated their field technicians, including Eglo Garza, out of their promised commissions. Defendants promised Eglo Garza commissions of at least 5% on products and services he sold to customers, but Defendants never paid Eglo Garza these promised commissions, and refused to provide any sort of documentation or backup supporting the calculation of workers' pay.  Indeed, Defendants rarely, if ever, provided paychecks to their workers, preferring instead to simply direct deposit their pay with no explanation as to how their pay was calculated.

## II. PARTIES

5. Plaintiffs Paul Garza and Angelica Garza are Texas residents residing in Bexar County.

6. Defendant EMS is a domestic limited liability company with its principal place of business in Travis County. It operates in and around the Austin and San Antonio areas.

7. EMS's registered agent for service of process is CT Corporation System, and Defendant EMS has already made an appearance in this action.

8. At all times relevant to this claim, EMS was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

9. Defendant Jeff Mosely is an individual residing in this judicial district and, along with Lonnie Sorrell, III, is one of the two owners of Defendant EMS.

10. Jeff Mosely may be served at 1601 Sweetbriar Ave., Austin, Texas 78723.

11. At all times relevant to this claim, Jeff Mosely was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

12. Jeff Mosely acted directly or indirectly in the interest of EMS in relation to Plaintiffs' employment.

13. Jeff Mosely exercised managerial responsibilities and substantial control over employees and other individuals who performed work for EMS, including Plaintiffs.

14. Jeff Mosely exercised managerial responsibilities and substantial control over the terms and conditions of employees and other individuals who performed work for EMS, including the terms and conditions of Plaintiffs' employment/tenure.

15. Jeff Mosely had and exercised his authority to hire, fire and direct employees and other individuals who performed work for EMS, including Plaintiffs.

16. Jeff Mosely had and exercised his authority to supervise and control the employment relationships and work schedules of employees and other individuals who performed work for EMS, including Plaintiffs.

17. Jeff Mosely had and exercised his authority to set and determine the rate and method of pay of employees and other individuals who performed work for EMS, including Plaintiffs.

18. Jeff Mosely had and exercised his authority to decide whether employees and other individuals who performed work for EMS, including Plaintiffs, were classified as employees and whether such individuals received overtime compensation.

19. Jeff Mosely also kept and maintained employment records for employees and other individuals who performed work for EMS, including Plaintiffs.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law and pendent state law. Specifically, Plaintiffs assert federal claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Bexar County, Texas, which is in this District and Division and where Defendants' primary offices are located.

22. Plaintiffs were both employees of Defendants and performed work for Defendants in and around the central Texas area. Defendants have an office in and operate out of San Antonio, Texas, among other cities. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

23. Plaintiff Eglo Garza also alleges Texas common law violations in this Amended Complaint, all of which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, these state causes of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff Eglo Garza's common claims pursuant to 28 U.S.C. § 1367(a).

### IV. COVERAGE UNDER THE FLSA

24. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer concerning Plaintiffs.

25. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all relevant times, Defendant EMS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant EMS is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. At all times hereinafter mentioned, Plaintiffs were both considered to be individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

29. As employees of Defendants, Plaintiffs handled items such as cell phones, computers, HVAC repair tools and cleaning materials as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

30. Defendants provide repair, maintenance, and extended warranty services for heating, ventilation, and air conditioning ("HVAC") systems.

**Plaintiff Eglo Garza**

31. Defendants employed Mr. Garza as a field technician responsible for repairing, maintaining, and replacing HVAC systems.

32. Defendants treated Mr. Garza as an independent contractor.

33. Defendants treated Mr. Garza as an independent contractor even though Defendants provided Mr. Garza with a company truck.

34. Defendants treated Mr. Garza as an independent contractor even though Defendants provided Mr. Garza with a company phone.

35. Defendants treated Mr. Garza as an independent contractor despite controlling his schedule.

36. Defendants treated Mr. Garza as an independent contractor even though Defendants determined when and where Mr. Garza performed work for Defendant.

37. Defendants treated Mr. Garza as an independent contractor even though he was given company-issued shirts with Defendant's name emblazoned on them and told to wear these shirts on service calls.

38. Defendants treated Mr. Garza as an independent contractor even though Defendants employed Mr. Garza continuously from September 2022 through February 2024.

39. Defendants treated Mr. Garza as an independent contractor even though Defendant Mosely made the decision to pay Mr. Garza $28 an hour for all hours worked, even though Mr. Garza sought $30 an hour.

40. Defendants treated Mr. Garza as an independent contractor even though Defendant Mosely placed Mr. Garza on 30 days probation and told Mr. Garza that he would consider giving Mr. Garza a raise to $30 an hour after his probationary period ended.

41. Defendants treated Mr. Garza as an independent contractor even though Defendant Mosely told Mr. Garza the hours he was expected to be at work, and gave Mr. Garza his job assignments.

42. Defendants paid Mr. Garza the same hourly rate, whether above or below forty hours per workweek.

43. Mr. Garza consistently worked more than forty hours per workweek.

44. Mr. Garza texted his supervisor his hours each week.

45. At the beginning of his employment, Mr. Garza attempted to report the hours he worked on a daily basis to his supervisor.

46. However, Mr. Garza's supervisor told him that a daily reporting of hours was not necessary and instructed Mr. Garza to simply send in his weekly totals for all hours worked.

47. Defendants never paid Mr. Garza overtime premiums for any hours worked over forty per workweek.

48. Defendants also promised Mr. Garza that he would be paid a 5% commission on all products and services that he sold to Defendants' customers.

49. While Mr. Garza sold a number of products and services to Defendants' customers, and while Mr. Garza reported these sales to Defendants as instructed, Mr. Garza was never paid any of his promised commissions, nor was he ever given a breakdown as to whether he was even credited with making any sales.

50. Defendants' promise of commissions followed by their subsequent refusal to pay for commissions earned was considered standard operating procedure among the field technicians working for Defendants, including Mr. Garza, as multiple field technicians were promised commissions, although those commissions never materialized.

**Plaintiff Angelica Garza**

51. Defendants employed Plaintiff Ms. Garza as a payroll clerk from approximately May 2023 through March 2024.

52. Defendants paid Ms. Garza on an hourly basis.

53. Defendants treated Ms. Garza as an independent contractor.

54. Defendants treated Ms. Garza as an independent contractor despite controlling her schedule.

55. Defendants treated Ms. Garza as an independent contractor even though Defendants determined when and where Ms. Garza performed work for Defendant.

56. Defendants treated Ms. Garza as an independent contractor even though Defendants employed Ms. Garza continuously from May 2023 through March 2024.

57. Ms. Garza consistently worked more than forty hours per workweek.

58. Defendants typically paid Ms. Garza straight time for all hours worked, whether above or below 40 hours per workweek, although Defendants would occasionally pay Ms. Garza overtime premiums, indicating that Defendants were aware of their overtime obligations.

59. Plaintiffs were not independent contractors.

60. Defendants knew that Plaintiffs were not independent contractors.

61. Defendants conducted no investigation to determine whether their classification of Plaintiffs as independent contractors was correct.

62. As Plaintiffs were not independent contractors, Defendants were required to pay Plaintiffs overtime premiums for all hours worked over forty hours per week.

63. Both Plaintiffs routinely worked long hours and consistently worked more than forty hours per week.

64. At no time did Defendants pay Plaintiff Eglo Garza overtime compensation for any hours worked over forty per week.

65. On occasion, Defendants would pay Angelica Garza for hours worked over forty per week.

66. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Plaintiffs.

67. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Plaintiffs.

68. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Plaintiffs for their overtime hours.

69. Defendants were also required to pay federal income tax withholding (FITW), Social Security and Medicare taxes (FICA), and federal unemployment taxes (FUTA) on behalf of all individuals Defendants misclassified as independent contractors.

70. Defendants failed to pay federal income tax withholding on behalf of Plaintiffs.

71. Defendants failed to pay Social Security and Medicare taxes on behalf of Plaintiffs.

72. Defendants failed to pay federal unemployment taxes on behalf of Plaintiffs.

## VI. CAUSES OF ACTION:

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

73. Plaintiffs incorporate all allegations in the foregoing paragraphs as though fully set forth herein.

74. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiffs, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Plaintiffs, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Plaintiffs, were employed. Defendants have acted

willfully in failing to pay their non-exempt employees, including Plaintiffs, in accordance with applicable law.

## B.  BREACH OF CONTRACT

75. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

76. During the course of his employment, Plaintiff Eglo Garza entered into a valid and enforceable contract with Defendants regarding payment of commissions in exchange for sales made.

77. Defendants promised Plaintiff Eglo Garza that he would be paid at least 5% of each product or service he sold to Defendants' customers.

78. This commission plan constituted a valid contract.

79. Plaintiff Eglo Garza performed as contemplated by this commission plan and otherwise fully performed his obligations to Defendants.

80. Defendants have breached their commission plan with Plaintiff Eglo Garza by failing to pay Plaintiff Eglo Garza the promised percentages of products or services Garza sold to Defendants' customers as per his commission plan.

81. Plaintiff Eglo Garza has suffered damages from Defendants' refusal to pay the monies owed to Plaintiff Eglo Garza pursuant to his commission plan.  Defendants are further liable for Plaintiff Eglo Garza for reasonable attorney's fees as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, plus costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

## C.  QUANTUM MERUIT

82. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

83. In the alternative to Plaintiff's claim for breach of contract, Plaintiff Eglo Garza seeks recovery under the equitable theory of quantum meruit.

84. Plaintiff Eglo Garza provided valuable services to Defendants, which were accepted by Defendants under circumstances that reasonably notified Defendants that Plaintiff Eglo Garza expected to be paid. Defendants have been unjustly enriched by their acceptance, use, and enjoyment of the services of Plaintiff Eglo Garza without compensation.

85. Plaintiff Eglo Garza, by his claim of quantum meruit, seeks to recover the reasonable value of his services to Defendants as well as reasonable attorney's fees as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

### D. MONEY HAD AND RECEIVED and UNJUST ENRICHMENT

86. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

87. In the alternative to Plaintiff Eglo Garza's claim for breach of contract, Plaintiff Eglo Garza seeks recovery under the equitable theory of money had and received and the equitable theory of unjust enrichment.

88. Defendants have received payment for products and services sold by Plaintiff Eglo Garza, but have not paid Plaintiff Eglo Garza for such sales, and thus Defendants hold money that in good conscience and equity belongs to Plaintiff Eglo Garza, and Defendants' retention of that money would result in Defendants' unjust enrichment to the detriment of Plaintiff Eglo Garza.

89. Plaintiff Eglo Garza, by his claim of money had and received and unjust enrichment, seeks to recover as actual damages all sums held by Defendants which in good conscience and equity belong to Plaintiff Eglo Garza or by which Defendants have been unjustly enriched to the detriment

of Plaintiff Eglo Garza.  Plaintiff Eglo Garza additionally seeks to recover exemplary damages, attorney's fees, including as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiffs Eglo Garza and Angelica Garza pray for judgment against Defendants EMSHVAC, LLC and Jeff Mosely, jointly and severally, as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b.  For an Order awarding Plaintiffs reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

c.  For an Order awarding Plaintiff Eglo Garza all unpaid commissions due to him under breach of contract, quantum meruit, money had and received, and unjust enrichment;

d.  For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully Submitted,

        **WELMAKER LAW, PLLC**
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Tel: (512) 499-2048

        By:  */s/ Douglas B. Welmaker*
              Douglas B. Welmaker
              Texas State Bar No. 00788641
              doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFFS**